UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2018 MAY -8 P 12: 32

U.S. DISTRICT COURT
NEW HAVEN, CT.

STATE OF CONNECTICUT             :
                                 :
                                 :        NO.: 18mj 740        (SALM)
                                 :
COUNTY OF NEW HAVEN              :        May 7, 2018

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Stephanie Dubuc, having been duly sworn, do hereby state:

### I. Affiant's Training and Experience

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). As an FBI agent, I have directed, conducted, and participated in many criminal investigations of various federal laws. I have been employed by the FBI as a Special Agent for approximately 19 years. Prior to becoming a Special Agent with the FBI, I was a sworn police officer in Milford, Connecticut for four years. Since 2008, I have been assigned to the New Haven Division of the FBI where my duties have including investigating counterterrorism matters, white collar crime matters and violent crime matters.

2. I have written and executed search warrants, which have resulted in the seizure of illegal drugs and evidence of drug violations.  I have participated in numerous investigations involving individuals suspected of distributing illegal drugs in both state and federal drug investigation, coordinated controlled purchases of illegal drugs utilizing confidential sources and undercover police officers, written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the distribution of illegal drugs, and spoken with informants and subjects, as well as other local, state, and federal law enforcement officers, regarding the manner in which drug distributors obtain,

1

finance, store, manufacture, transport, and distribute their illegal drugs.  I have prepared

numerous affidavits in support of applications for search and arrest warrants which have

resulted in orders being issued by judges, and have led to the conviction of numerous

defendants for violations of narcotics laws.

3.   I am authorized to investigate violations of the laws of the United States and I am a law

enforcement officer with the authority to execute federal arrest warrants.

## II. Introduction Concerning the Instant Investigation

4.   I am one of the case agents who have directed the investigation that is the subject of this

Affidavit.  I have done so in conjunction with other law enforcement agents and officers.

I am thoroughly familiar with the information contained herein.

5.   I am currently participating in an investigation TODD SMITH and others, for violations

of Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to

distribute and distribution of narcotics and conspiracy to distribute controlled substances)

(hereafter referred to as the "Target Offenses").

6.   I am familiar with the facts and circumstances of the aforementioned investigation as a

result of my personal participation in the investigation; from discussions with FBI agents

and other law enforcement personnel; from information provided by witnesses and

informants involved in the investigation; and from my review of records, reports and

affidavits relating to the investigation.

## III. Instant Request

7.   This Affidavit is submitted for the limited purpose of establishing probable cause for the

issuance of a search warrant to obtain and compare the DNA profile of TODD SMITH

(DOB XX-XX-1993) to any DNA profile obtained from DNA swabs of the firearm and glassine bags seized on November 16, 2017.

8.  SMITH is currently incarcerated at the Northern Correctional Institution, 287 Bilton Road, POB Somers, CT, 06071, and is assigned inmate number 423613.

### IV. Probable Cause

9.  During a routine patrol of an area in Waterbury known for drug deals on November 16, 2017, officers observed a suspicious person in a vehicle.  When officers approached this individual and inquired further, they quickly identified him as an intended narcotics purchaser based on his appearance, demeanor, and officer-observation of empty baggies inside the passenger compartment.  The individual told officers that he was waiting for his heroin dealer, who he expected any moment.[1]  The drug-user then identified a gold Honda Accord as his dealer as the car approached.

10. The driver of the Honda, upon seeing the officers, put the vehicle in reverse backed down the street.  Officers followed the Honda with the intention of conducting a motor vehicle stop.  Before the officers did so, however, the Honda pulled into a driveway.  Officers observed the driver, later identified as SMITH, exit the vehicle, walk to a dumpster in the driveway, and hold his keys over the dumpster as if he was going to drop the keys into the dumpster.  Officers made contact with SMITH and confirmed that he did not live in the residence.  SMITH gave no response to why he was at the location.  Officers spoke with a resident, who confirmed SMITH did not reside in the home and asked officers to remove the car.  Officers arrested SMITH for trespassing.

11. Once SMITH was under arrest, officers conducted an inventory search of the vehicle prior

---

1 This individual was not arrested.  Further identifying information has not been uncovered.

to towing the vehicle.  Officers observed a black plastic bag in the driver's side-door, which contained bags of heroin packaged for distribution and $605.  Officers also observed several cellphones within the vehicle.  Officers also observed pry marks on the air conditioning vents, glove compartment, and air bags.  The glove compartment was locked; SMITH did not have a key.  Based on these observations, officers ceased the inventory search, towed the car, and later obtained a state search warrant.

12. When officers later searched the car pursuant to the warrant, they recovered a loaded Kel-Tec PF-9 9mm Luger firearm with the serial number scratched-off from underneath the passenger-seat floor mat.  Officers did not recover any contraband from the glove compartment.

13. The defendant is a convicted felon.  In 2014, SMITH was convicted of possession of narcotics for which he was received a three year suspended sentence.  He also has additional pending state charges from January 2017 and July 2017 for firearm and controlled substance offenses.

14. The Connecticut State Laboratory has confirmed the presence of DNA in swabs taken from swabs of the firearm and swabs of the glassine bags seized on November 16, 2017.[2]

### V. Execution

15. The DNA samples sought herein will be collected by buccal swabbing.  This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to 10 seconds.  Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot

---

2 The Connecticut State Laboratory had confirmed that a fingerprint recovered from the firearm is not a match to SMITH's fingerprints.

be tested.  The samples seized will be submitted to a forensic laboratory and will be subject to examination, testing and analysis, and will be compared to the DNA material obtained from the physical evidence, including the firearm and glassine bags, seized during this investigation for exclusion and comparison purposes.

16. I understand that DNA profiles or partial DNA profiles of more than one person may be located on an object when more than one person has handled an item.

17. Based upon the foregoing, there is probable cause to believe, and I do believe, that, obtaining buccal swabbing sample from the inside of the defendant's mouth for Serology and Deoxyribonucleic Acid analysis may provide evidence of a violation of the Target Offenses.

Stephanie Dubuc, FBI SA

Subscribed and sworn to before me

this ___7___ day of May, 2018.


  /s/ Sarah A. L. Merriam, USMJ
SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE